# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RONALD G.,<br><br>        Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER REMANDING THE COMMISSIONER'S DECISION DENYING DISABILITY BENEFITS**<br><br>Case No. 2:19-cv-00132-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Ronald G.[1] filed this action asking this Court[2] to reverse or remand the final agency decision denying his Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") under Titles II and XVI of the Social Security Act, see 42 U.S.C. §§ 401–434, 1381–1383f. The Administrative Law Judge ("ALJ") determined that Mr. G. did not qualify as disabled within the meaning of the Social Security Act. (ECF No. 17-1, the certified copy of the transcript of the entire record of the administrative proceedings relating to Ronald G. (hereafter "Tr. __") 22.) Having carefully considered the parties' memoranda, the complete record in this matter, and

---

[1] Pursuant to best practices adopted in the District of Utah addressing privacy concerns in certain cases, including Social Security cases, the Court will refer to the Plaintiff by his first name and last initial only, as Mr. G., or as "Plaintiff," in this Order.

[2] On December 24, 2018, the parties consented to a Magistrate Judge hearing this case under 28 U.S.C. § 636(c). (ECF No. 6.)

oral argument, the Court REVERSES and REMANDS the Commissioner's decision for the reasons addressed below.

## STANDARD OF REVIEW

42 U.S.C. §§ 405(g) and 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA"). The Court reviews the Commissioner's decision to determine whether the record as a whole contains substantial evidence in support of the Commissioner's factual findings and whether the SSA applied the correct legal standards. 42 U.S.C. §405(g); Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The Commissioner's findings shall stand if supported by substantial evidence. 42 U.S.C. §§ 405(g) and 1383(c)(3).

Adequate, relevant evidence that a reasonable mind might accept to support a conclusion constitutes substantial evidence, and "[e]vidence is insubstantial if it is overwhelmingly contradicted by other evidence." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994).[3] The standard "requires more than a scintilla, but less than a preponderance." Lax, 489 F.3d at 1084. "Evidence is not substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion." Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988) (quoting Fulton v. Heckler, 760 F.2d 1052, 1055 (10th Cir. 1985)). Moreover, "[a] finding of 'no substantial evidence' will be found only where there is a conspicuous absence of

---

[3] Courts apply the same analysis in determining disability under Title II and Title XVI. See House v. Astrue, 500 F.3d 741, 742 n.2 (8th Cir. 2007).

2

credible choices or no contrary medical evidence." Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992) (quoting Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

Although the reviewing court considers "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases," the court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's," Lax, 489 F.3d at 1084 (quoting Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005)), but "review only the sufficiency of the evidence," Oldham v. Astrue, 509 F.3d 1254, 1257 (10th Cir. 2007) (emphasis in original). The court does not have to accept the Commissioner's findings mechanically but will "examine the record as a whole, including whatever in the record fairly detracts from the weight of the [Commissioner's] decision and, on that basis, determine if the substantiality of the evidence test has been met." Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800–01 (10th Cir.1991)). " 'The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence,' " and the court may not " 'displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.' " Lax, 489 F.3d at 1084 (quoting Zoltanski v. FAA, 372 F.3d 1195, 1200 (10th Cir. 2004)).

In addition to a lack of substantial evidence, the Court may reverse where the Commission uses the wrong legal standards or the Commissioner fails to

demonstrate reliance on the correct legal standards. See Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); Thomson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993); Andrade v. Sec'y of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993).

## ANALYSIS

The Social Security Act ("Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Moreover, the Act considers an individual disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant qualifies as disabled within the meaning of the Act, the SSA employs a five-part sequential evaluation. See 20 C.F.R. §§ 404.1520, 416.920; Williams v. Bowen, 844 F.2d 748, 750-53 (10th Cir. 1988); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The analysis evaluates whether:

  (1) The claimant presently engages in substantial gainful activity;
  (2) The claimant has a medically severe physical or mental impairment or impairments;
  (3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which preclude substantial gainful activity;
  (4) The impairment prevents the claimant from performing his or her past work; and

> (5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

See 20 C.F.R. §§ 404.1520, 416.920. The claimant has the initial burden of establishing the disability in the first four steps. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other work existing in the national economy. Id.

An ALJ must evaluate every medical opinion, considering certain factors. 20 C.F.R. §§ 404.1527(c), 416.927(c). Namely:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

See Watkins v. Barnhart, 350 F.3d 1297, 1300–01 (10th Cir. 2003) (citation omitted). To reject a medical opinion, the ALJ must provide " 'specific, legitimate reasons.' " Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (quoting Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996)).

Yet the ALJ's decision need not discuss explicitly all the factors for each of the medical opinions. See Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (stating that a lack of discussion of each factor does not prevent the court from according the decision meaningful review). When considering medical opinion evidence, the ALJ must weigh and resolve evidentiary conflicts and inconsistencies. See Richardson v. Perales, 402 U.S. 389, 399 (1971) (reflecting the ALJ's duty to resolve conflicting medical evidence). The court may not supply possible reasons for

assigning the weight the ALJ did and may only evaluate the ALJ's decision on the stated reasons. Robinson v. Barnhart, 366 F.3d 1078, 1084-85 (10th Cir. 2004).

At the hearing in this case, the medical expert testified that Mr. G's impairments would equal listing 1.02 if he had been prescribed or directed to use an assistive device for at least one year. (Tr. 41, 44-45.) The ALJ left the record open for submission of evidence on that point. (Tr. 43.) Mr. G. submitted his discharge summary from physical therapy at Cascades at Riverwalk. (Tr. 511-13.) Handwriting on the discharge summary states "Due to patient's size, heavy duty walker was purchased prior to leaving Cascades so no prescription was issued." (Id.) The discharge summary also reflects that Mr. G. reached his discharge goal of "ambulat[ing] on level surfaces 200 feet using SPC with Supervised (A) with adequate cardiopulminary function and with functional dynamic balance 50% of the time to facilitate increased participation in functional activity. " (Id.) Generally in the physical therapy context "SPC" stands for Single Point Cane. The document also notes that Cascades discharged Mr. G. because his "Highest Practical Level Achieved." (Id.)

The ALJ's decision mischaracterizes the discharge summary as not providing "additional evidence that may have supported a possible listing" and as not containing a prescription for an assistive device. (Tr. 18, 19.) Substantial evidence does not support these findings. Further, the ALJ assigned the medical expert great weight. (Tr. 20.) The medical expert's opinion combined with misconstrued medical evidence could lead to a finding of disability had the ALJ not incorrectly read the new evidence.

6

Therefore, the Court remands the ALJ's decision for further consideration of the medical expert's testimony, the issue of whether Plaintiff needed to use a cane to ambulate, and whether the Plaintiff's impairments meet or equal a listed impairment. The Court defers ruling on the other issues raised by the parties in their briefs as the above basis alone warrants remand. Upon remand, the claim will be sent to the ALJ who will reassess the claimant's subjective allegations, the medical opinion evidence, and the claimant's residual functional capacity. The ALJ will offer the claimant an opportunity for a hearing, take further action to complete the administrative record, and issue a new decision.

DATED this 20th day of March, 2020.

BY THE COURT:

Magistrate Judge Evelyn J. Furse
United States District Court